# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| MARY JANE LOWE | CIVIL ACTION NO. 08-1080 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CAPITAL ONE, NATIONAL ASSOCIATION | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before this Court is a Motion to Dismiss [Record Document 8], filed on behalf of Defendant, Capital One National Association. Defendant seeks dismissal of Plaintiff Mary Jane Lowe's suit in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's claims are **DISMISSED WITH PREJUDICE.**

## FACTUAL BACKGROUND

Plaintiff Mary Jane Lowe ("Lowe") began working for Peoples Bank and Trust Company, Minden, Louisiana, in 1991. [Complaint, ¶ II]. The bank was acquired by Hibernia Corporation in 1998 and by Defendant Capital One, National Association ("Capital One"), in 2006. Id. Plaintiff remained employed at the bank until her termination on June 27, 2008.

One of Plaintiff's job duties was to balance the ATM. She would bring the ATM down (offline) to balance it and refill the money trays. On June 21, 2007, Plaintiff "made erroneous computer entries which did not reflect the actual, correct balance." Id. at ¶ VI. The books reflected that she has $2,000 in the ATM that she did not actually have and was not supposed to have. Id. Plaintiff was placed on a three-day suspension and on June 27,

2007, Plaintiff was terminated. Id. at ¶ IX. Thereafter, Plaintiff received a notice entitled "SEPARATION NOTICE ALLEGING DISQUALIFICATION" ("Separation Notice"), dated July 3, 2007. The notice was attached to a copy of Defendant's Opposition to Plaintiff's Unemployment Insurance Application, which was submitted to the Louisiana Department of Labor. On the Separation Notice, Defendant stated "falsification" as the reason for Plaintiff's termination. Id. at ¶ X.

On July 2, 2008, Plaintiff filed a "Petition for Damages Resulting from Publishing Intentional, Untrue and Harmful Statements" in the Twenty-Sixth Judicial District Court for the State of Louisiana, and the lawsuit was subsequently removed to this Court. [Doc. 1]. Importantly, Plaintiff is not asserting a claim of wrongful termination in this matter. Rather, Plaintiff alleges only that as a "result of the false use by Capital One of the word, 'falsified,'" Capital One intentionally inflicted emotional distress upon her and defamed her. [Complaint, ¶ XIII]. Capital One now seeks to dismiss Plaintiff's lawsuit for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). Capital One claims Plaintiff failed to allege acts sufficiently "extreme and outrageous" to give rise to liability for intentional infliction of emotional distress, and that the alleged defamatory statement is privileged because it was made as part of a quasi-judicial hearing to determine eligibility for unemployment compensation benefits. [Doc. 8].

## LAW AND ANALYSIS

1. **Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted." In order to avoid dismissal, the

plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 550, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007); see also, Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007). The Court must accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007). But "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." Twombly, 550 U.S. at 558, 127 S.Ct. at 1966 (internal quotations and citations omitted).

**2.    Intentional Infliction of Emotional Distress**

To prevail on a claim for intentional infliction of emotional distress, a plaintiff must allege and prove: (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct. Roscoe v. Hastings, 999 So.2d 1218, 1221 (La.App. 2 Cir. 2009) (citing White v. Monsanto Co., 585 So.2d 1202, 1209 (La. 1991)). As the Louisiana Supreme Court has explained:

> The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. Persons must necessarily be expected to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind.

White, 585 So.2d at 1209. Furthermore, although a plaintiff may recover damage for

intentional infliction of emotional distress in a workplace setting, Louisiana's jurisprudence "has limited the cause of action to cases which involve a pattern of deliberate, repeated harassment over a period of time." Roscoe, 999 So.2d at 1221.

In the present matter, Plaintiff has not alleged "extreme and outrageous" conduct sufficient to establish a claim for intentional infliction of emotional distress. Plaintiff's claim is based solely on the use of the word "falsified" by Capital One in the Separation Notice. [Complaint, ¶ XIII]. Even if the reason for termination stated on the Separation Notice ("falsification") was incorrect , this conduct simply does not meet the strict standard set forth by the state's highest court in White v. Monsanto Co., supra. Moreover, Capital One's use of the word "falsification" was an isolated event and does not sufficiently demonstrate a "pattern of deliberate, repeated harassment." Consequently, the Court concludes that the factual allegations contained within Plaintiff's complaint are insufficient to state a claim upon which relief may be granted.

**3.    Defamation**

Four elements must be alleged and proved by Plaintiff to recover damages for defamation: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury. Bradford v. Judson, 12 So.2d 974, 976 (La.App. 2 Cir. 2009). "By definition, a statement is defamatory if it tends to harm a person's reputation, lowers the person in the estimation of the community, deters others from associating with the person, or otherwise exposes the person to contempt or ridicule." Id.

Even when a plaintiff establishes the four elements of defamation, recovery may be precluded if the defendant shows either (1) that the statement was true, or (2) that the

statement was protected by a privilege, absolute or qualified. Cooksey v. Stewart, 938 So.2d 1206, 1209 (La.App. 2 Cir. 2006) (citing Costello v. Hardy, 2003-1146 (La. 1/21/04), 864 So.2d 129). In Bienvenu v. Angelle, 254 La. 182, 223 So.2d 140 (1969), rev'd on other grounds, Gonzales v. Xerox Corp., 254 La. 182, 320 So.2d 163 (1975), the Louisiana Supreme Court discussed the circumstances under which a communication may be subject to an absolute privilege:

> It is true that communications made in judicial or quasi-judicial proceedings carry an absolute privilege. This protection is offered in such proceedings so that the witness, who is bound by his oath to tell the truth, may speak freely without fear of civil suit for damages for defamation. The privilege is extended to an administrative agency only when that agency is exercising judicial or quasi-judicial functions.

Id., 223 So.2d at 144.

Capital One contends the alleged defamatory publication was protected by an absolute privilege. Pursuant to La. R.S. § 23:1660(C), Capital One was legally required to submit the Separation Notice to the Louisiana Department of Labor, where the Separation Notice "shall be held confidential." Capital One urges this Court to look at Boyd v. Community Center Credit Corp., 359 So.2d 1048 (La.App. 4 Cir. 1978), where the court recognized the important public policy supporting the defense of privilege:

> The interest of public welfare and social necessity dictate that an employer not be unreasonably restricted when he is required to furnish information necessary for the state agency to determine in a quasi-judicial proceeding a terminated employee's eligibility for unemployment compensation benefits. The party furnishing the information must be free to make a complete and unrestricted communication, without fear that he will be held liable for defamation if the good faith communication turns out to be inaccurate. . .

Id. at 1050.

In this case, Capital One was legally required to submit the Separation Notice to the Louisiana Department of Labor in connection with Plaintiff's unemployment compensation claim. La. R.S. §§ 23:1660(C), 23:1625. An individual is disqualified for such benefits if he or she has been discharged by an employer "for misconduct connected with his [or her] employment." La. R.S. § 23:1601(2). Thus, after an individual files a claim for unemployment compensation benefits, the Department of Labor designates an agent to investigate the claim and make an appropriate determination of eligibility for benefits and, if the individual is eligible, the monetary amount due to the claimant. La. R.S. § 23:1424. In making this eligibility determination, the Department of Labor assumes a quasi-judicial role. See e.g., Boyd, 359 So.2d at 1050.

Accordingly, the Court concludes that the use of the word "falsification" in the Separation Notice by Capital One is protected by an absolute privilege and that Plaintiff cannot maintain a defamation action against Capital One for statements made in connection with a quasi-judicial proceeding.

## CONCLUSION

Accordingly, the Court finds that Plaintiff Mary Jane Lowe has failed to state a claim for either intentional infliction of emotional distress or defamation. Therefore, Defendant's Motion to Dismiss [Record Document 8] is **GRANTED**, and Plaintiff's claims are **DISMISSED WITH PREJUDICE.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 24th day of September, 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE